SAUL STONE & COMPANY, Plaintiff,

v.

Jerry BROWNING, Defendant.

John BLUM, Plaintiff,

v.

SAUL STONE & COMPANY and
Bonnie Frost, Defendants.

Nos. 84 C 644, 84 C 8133.

United States District Court,
N.D. Illinois, E.D.

May 20, 1985.
As Corrected Aug. 20, 1985.

Howard J. Stein, Patrick J. Lamb, Katten
Muchin Zavis Pearl & Galler, Chicago, Ill.,
for Saul Stone & Company.

Gregory A. Friedman, James J. Stamos, Coffield Ungaretti Harris & Slavin, Chicago, Ill., for Jerry Browning & John Blum.

Lloyd Kadish, Pamela Rogers, Chicago, Ill., for defendant Frost.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

In late 1983, John Blum filed a complaint in the State of Washington against Saul Stone & Company, a brokerage house, and Bonnie Frost, one of its agents, alleging that Frost solicited from the plaintiff, through the plaintiff's agent, the sum of $80,000 to be invested in the commodities market for the benefit of the plaintiff. Thereafter, Frost represented that the investment was showing considerable earnings and that the earnings had increased the plaintiff's investment to over $350,000. At that point Blum allegedly directed Stone & Co., through his own agent, Browning, to liquidate the account. This request was repeated on several occasions. These requests, says the plaintiff, were ignored— and then the entire investment, including all the earnings, was lost. In his original complaint filed in the U.S. District Court in the District of Washington, Blum sought recovery for securities fraud under both state and federal laws. In addition he sought recovery for common law fraud, for violation of the Washington State Consumer Protection Act, for negligent misrepresentations, for breach of contract and for breach of fiduciary duty.

In January of 1984, Saul Stone & Company in turn filed an action in this court seeking indemnification against Jerry Browning, a/k/a Jerry Bloom, the undisclosed agent for Blum. The complaint of Saul Stone states that Browning opened the account under the name of "Jerry Bloom" with the knowledge of Stone that the name was an alias, that Browning did not advise Stone that he was opening an account as an agent for Blum, and that therefore Browning should be liable to Stone for any amount Stone might be re-quired to pay to Blum should Blum be successful in his claim.

Then in March of 1984, Blum, without leave of court, filed an amended complaint in his case pending in the Eastern District of Washington alleging the existence of a partnership between himself and Browning.

Finally in October of 1984, the two cases were consolidated in this district and by assignment both are before me. The consolidated cases currently are before me for decision of a motion by Saul Stone & Company for summary judgment or partial summary judgment. In support of its motion for summary judgment, Saul Stone & Company asserts that (1) the alleged partnership claims set out in the amended complaint are barred by the applicable statute of limitations, and (2) the amended complaint fails to name as the party-plaintiffs the alleged partners of the partnership.

As a preliminary matter, an important distinction must be made between a joinder of claims and a joinder of parties. Saul Stone asserts that the newly alleged "partnership claims" are now barred by the statute of limitations. But the applicable Federal Rule here is 15(c). It states:

Whenever the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurance set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

It is apparent from reading the original complaint and the first amended complaint, that the claims do arise out of the same transaction. The only difference is the relationship of Blum and Browning at the time of the transaction. It was an agency relationship in the original complaint and a partnership relationship in the amended complaint. The claim, itself, has remained the same.

Then, the notes which follow Rule 15(c) direct the reader, in cases of amendments changing plaintiffs to Rule 17(a) which deals with the question of "real parties in interest". Rule 17(a) provides in pertinent part:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ... joinder ... of the real party in interest; and such ... joinder ... shall have the same effect as if the action had been commenced in the name of the real party in interest.

Whether the amendment to the complaint in this matter is viewed under Rule 15(c) as an amendment of the claim or viewed under Rule 17(a) as a failure to name the real party in interest, it is clear from the rules that dismissal would not be appropriate.

■ The second basis on which Saul Stone seeks dismissal is that the amended complaint fails to name as party-plaintiffs all alleged partners of the partnership. Rule 21 which deals with misjoinder and non-joinder of parties states that:

Parties may be ... added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.

Clearly, dismissal for non-joinder also would be inappropriate here. Browning may be joined as a party-plaintiff and the partnership entity may also be joined as a party-plaintiff. Accordingly, the motion of Saul Stone for summary judgment must be and the same hereby is denied.

■ In the alternative, Saul Stone seeks partial summary judgment as to the causes of action set out in the amended complaint for violation of the Washington State Securities Act and Consumer Protection Act. The grounds given are that Illinois law, not Washington law, governs the rights and liabilities of the parties to this action. The customer's agreement between Mr. Browning and Saul Stone provides in paragraph 13:

All actions or proceedings arising directly, indorectly, or otherwise in connection with, out of, related to, or from this agreement or any transaction covered hereby shall be litigated at the discretion and election of Stone only in courts whose situs is within the State of Illinois. The undersigned consents to and submits

to the jurisdiction of any state or federal court located within the State of Illinois.

Paragraph 12 provides in part:

The provisions of this agreement shall in all respects be construed according to, and the rights and liabilities of the parties hereto shall in all respects be governed by, the laws of the State of Illinois.

Paragraph 12 relates to the choice of laws. This paragraph, however, is limited by its own terms to "provisions of the agreement" and cannot be extended to torts such as those claimed here. Paragraph 13 is much broader. However, it relates only to forum selection and not the choice of law. Therefore, the motion of Saul Stone cannot be granted on these grounds.

■ Saul Stone also asserts that partial summary judgment should be granted in its favor and that the causes of action based on the Washington State Securities Act and Consumer Protection Act should be stricken because they are preempted by the Commodity Exchange Act, 7 U.S.C. § 1, *et seq.* It is elementary that a state statute is preempted to the extent it purports to regulate a subject over which Congress has sought to exercise exclusive jurisdiction. Numerous courts have held that the exclusive jurisdiction provisions of the Commodity Exchange Act prevent the application of state statutes in this area. As the court stated in *Hofmayer v. Dean Witter & Company, Inc.*, 459 F.Supp. 733, 737 (N.D.Cal.1978),

In light of Congress' plainly stated intent to have the Commodity Exchange Act, as amended, preempt the field of regulation of commodity futures trading, any claim under Federal or state securities statutes is barred. (Citations omitted)

In *Bache Halsey Stuart Shields, Inc. v. Erdos*, 35 Wash.App. 225, 667 P.2d 89, 92–93 (1983), a Washington Appellate Court recognized the preemption of the Commodity Exchange Act over federal and state securities laws dealing with commodity futures trading. The weight of authority dictates that the claims based on the Washington Securities Act and the Washington Consumer Protection Act should be

stricken as having been preempted by the Commodity Exchange Act.

In summary, the motion of Saul Stone for summary judgment is denied. The alternative motion of Saul Stone for partial summary judgment as to those matters in the complaint based on Washington state law should be and the same hereby is granted.